UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CAROLYN LOPEZ, DAMIAN RAMOS ESPINOSA
And CAROLYN LOPEZ, as Guardian of
C.L. Jr.

                        Plaintiff(s),

    v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DETECTIVE
WALTER MARIN, # 937024
Narcotics Borough Brooklyn North,
NEW YORK CITY POLICE DETECTIVE
VINCENT BARESE, #927899
Narcotics Borough Brooklyn North,
NEW YORK CITY POLICE SERGEANT
CHRISTOPHER THOMAS, #926370
Narcotics Borough Brooklyn North
NEW YORK CITY POLICE OFFICER JOHN DOE,
75th Precinct
NEW YORK CITY POLICE OFFICER JOHN DOE
#1, 75th Precinct,
NEW YORK CITY POLICE OFFICER JOHN DOE
#2, 75th Precinct,
NEW YORK CITY POLICE OFFICER JOHN DOE
#3, 75th Precinct,
                        Defendant(s).
------------------------------------------------------X

**COMPLAINT &
JURY DEMAND**

CV 15-7292

**PRELIMINARY STATEMENT**

1.  This is a Civil Rights action in which the Plaintiffs, CAROLYN LOPEZ, C.L. Jr. and

DAMIAN RAMOS ESPINOSA, seek redress for the Defendant's violation of their rights secured by

the Civil Rights Act of 1866 and 1871, Section 42 U.S.C. 1983, and of the rights secured by the

Fourth and Fifth Amendments and by the Equal Protection Clauses of the Fourteenth Amendment to

the United States Constitution, and/or rights secured by under the laws and Constitution of the State

–1–

of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. The Plaintiffs' claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiffs further invoke this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiffs demand a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff CAROLYN LOPEZ, is both the grandmother and legal guardian of minor Plaintiff C.L. Jr. (AGE 11). They are both of African-American and Hispanic descent. Additionally, Plaintiff DAMIAN RAMOS ESPINOSA is a close personal friend of CAROLYN LOPEZ and he is of Hispanic descent. All Plaintiffs are United States citizens, residents of the United States, fluent in English, and are and at all times relevant herein residents of the State of New York.

8.  Defendants NEW YORK CITY POLICE DETECTIVES WALTER MARIN, # 937024, VINCENT BARESE, #927899, and SERGEANT CHRISTOPHER THOMAS, #926370 upon information and belief of Narcotics Borough Brooklyn North, are and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant(s) DETECTIVES MARIN, BARESE and SERGEANT THOMAS are sued individually and in their official capacities.  At all times relevant Defendant(s) DETECTIVES MARIN, BARESE and SERGEANT THOMAS were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant(s) DETECTIVES MARIN, BARESE and SERGEANT THOMAS were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9.  Defendants NEW YORK CITY POLICE OFFICERS whose names are currently unknown are: JOHN DOE, a male, brown skin, Indian ethnicity with a bald spot;  JOHN DOE NUMBER ONE, male, white skin, blue cap, blue tee shirt, blue jeans; JOHN DOE NUMBER TWO, male, white skin, blue shirt, pointy nose, appeared bow legged, a supervisor who claimed his birthday is October 1; and JOHN DOE NUMBER THREE, male, white skin, young looking face, possibly in his thirties with glasses,  and who are upon information and belief of the 75th st Precinct and 79th

Precincts, are and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant, NEW YORK CITY POLICE OFFICERS JOHN DOE, JOHN DOE NUMBER ONE, JOHN DOE NUMBER TWO and JOHN DOE NUMBER THREE are sued individually and in their official capacity. At all times relevant, Defendant NEW YORK CITY POLICE OFFICERS JOHN DOE, JOHN DOE NUMBER ONE, JOHN DOE NUMBER TWO and JOHN DOE NUMBER THREE were acting under color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant NEW YORK CITY POLICE OFFICERS JOHN DOE, JOHN DOE NUMBER ONE, JOHN DOE NUMBER TWO and JOHN DOE NUMBER THREE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of his duties as officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK

10. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by its agency, THE NEW YORK CITY POLICE DEPARTMENT.

11.  THE NEW YORK CITY POLICE DEPARTMENT, while not a named party, is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

### First Incident

12.  On Thursday, October 1, 2014 at approximately 6:00 a.m. Plaintiffs CAROLYN LOPEZ, C.L.Jr., and DAMIAN RAMOS ESPINOSA were sleeping inside of 18 Hunterfly Avenue, Apartment 1B, located in Kings County.  Plaintiffs CAROLYN LOPEZ, the registered lease holder of the premises and DAMIAN RAMOS ESPINOSA were asleep inside one of the apartment's bedrooms and C.L.JR. was asleep in the living room on a sofa. Plaintiffs CAROLYN LOPEZ and DAMIAN RAMOS ESPINOSA awoke to the resulting noise outside their bedroom door, but, before they could reach the bedroom door several male members of the NEW YORK CITY POLICE DEPARTMENT, including the defendants and others, burst into that bedroom without knocking or warning.  DEFENDANT WALTER MARIN immediately pushed Plaintiff CAROLYN LOPEZ, forcing and holding her head and face against the bedroom wall. DEFENDANT JOHN DOE pulled Plaintiff DAMIAN RAMOS ESPINOSA out of bed, forcing and holding his head and face against the closed bedroom closet door. Plaintiff CAROLYN LOPEZ began to immediately and visibly show signs of fear and physical distress and was having trouble breathing. DAMIAN RAMOS ESPINOSA told the officers and defendants that Plaintiff CAROLYN LOPEZ was just home from the hospital and recovering from a recent heart attack, was prescribed several medications for her conditions, and also sometimes needed the support of oxygen via an oxygen tank located in the living room.

–5–

DEFENDANTS MARIN and JOHN DOE told both Plaintiffs CAROLYN LOPEZ and DAMIAN RAMOS ESPINOSA to "Shut the Fuck Up" several times.   Plaintiffs CAROLYN LOPEZ asked "Who are you?" and "What are you doing here?" and were told by the same DEFENDANTS MARIN and JOHN DOE to "Shut the Fuck Up".   Plaintiffs CAROLYN LOPEZ and DAMIAN RAMOS ESPINOSA, still clothed in only their sleeping attire,  were then moved and roughly shoved out of the bedroom and into the hallway of the premises and held against the hallway wall by riot shields of NEW YORK CITY POLICE OFFICERS, including the DEFENDANTS.   Plaintiff CAROLYN LOPEZ saw her grandson, Plaintiff minor C.L. Jr., disoriented and scared on the sofa of the living room where he had been asleep for the night and she instinctually tried to move toward him. DEFENDANT MARIN shouted "Freeze". Plaintiff minor C.L.Jr.., then stood up from the sofa and began to move toward his grandmother Plaintiff CAROLYN LOPEZ.  DEFENDANT MARIN then grabbed Plaintiff minor C.L.Jr.. by the arms and informed Plaintiff minor C.L.Jr.. "If you move again I'll shoot you" and then proceeded to rear-cuff Plaintiff minor C.L.Jr.. and then threw him down on the couch. Observing this, Plaintiffs CAROLYN LOPEZ and DAMIAN RAMOS ESPINOSA pleaded with Defendants and the other New York City Police Officers present that Plaintiff minor C.L.Jr.. was "only a child…" and to "…Take it Easy" and were told by the same Defendants and other New York City Police Officers to "Shut the Fuck Up".   At the same time, Plaintiff CAROLYN LOPEZ observed that her son Ricardo Lopez was lying face down on the floor of his bedroom while a metal baton was held against his neck and while also being held down by knees roughly placed in his back and by a gun held to his back by JOHN DOE NUMBER ONE and the other New York City Police Officers.  Plaintiff CAROLYN LOPEZ observed that her son was also struggling to breath and his eyes had rolled back into his head, and she moved to help and both

−6−

she and Plaintiff DAMIAN RAMOS ESPINSOA told the Defendants and the other New York City Police Officers that Ricardo Lopez was not able to breathe. Both were told by the Defendants and the other New York City Police Officers to "Shut the fuck up". The Occupants of the premises, including Plaintiffs, were eventually tightly rear-handcuffed and moved into the living room by the Defendants and the other New York City Police Officers. The occupants of the premises were informed by DEFENDANT SERGEANT CHRISTOPHER THOMAS that the police officers were from "Narcotics" and also asked "Where are the drugs?" Plaintiff CAROLYN LOPEZ again asked NEW YORK CITY POLICE SERGEANT CHRISTOPHER THOMAS to show her a search warrant, her requests being initially delayed, then refused by the named Defendants stating "Shut the fuck up" and "We don't have a warrant, we don't need a warrant. Plaintiffs were then forced to sit for approximately forty minutes while members of the New York City Police Department, including the named Defendant Officers and a Canine Officer searched the premises for any alleged contraband. While the search of the apartment was conducted by the New York City Police including the named Defendants, DEFENDANTS MARIN and VINCENT BARESE both pointed to a picture in the living room of Plaintiff CAROLYN LOPEZ's deceased son who is also Plaintiff minor C.L.Jr..'s father and said "I want that bastard" and "..the one who ran out back". DEFENDANT THOMAS then stated "We want your other son". Plaintiff CAROLYN LOPEZ asked "if they wanted to kill us" and tried to explain that her son in the picture was recently deceased. She was told to "Shut the fuck up". Plaintiff minor C.L.Jr.. also tried to explain and stood up when the officers pointed to his father's picture and said "That's my Dad, he's passed...". Defendant MARIN pulled his gun and told Plaintiff minor C.L.Jr.. to "...sit down and not to get up again." All adult occupants of the premises, including Plaintiffs, were escorted to the open doored

–7–

bathroom by male officers, and made to change out of their sleep attire into street clothes in plain and full view of all. No female officers were in attendance to assist and observe the female occupants including Plaintiff CAROLYN LOPEZ.  Once dressed, all were returned to the living room and told by DEFENDANT MARIN that "we are looking for drugs" and Plaintiff CAROLYN LOPEZ replied "We don't have any drugs."  Each adult occupant was then individually escorted, one by one, rear handcuffed, out of the premises, down the shared apartment hallway, and out on the street to a waiting police van in full view of a crowd of neighbors, relatives and friends by the Defendants and members of the New York City Police Department. Plaintiff minor C.L.Jr.. was separated from his Grandmother/Legal Guardian Plaintiff CAROLYN LOPEZ and left in the living room still in his sleep attire (boxer shorts.) Plaintiff minor C.L.Jr.. asked DEFENDANT MARIN to use the bathroom and was told by said Defendant to "Urinate on yourself if you gotta go". Police officers including DEFENDANTS MARIN and JOHN DOE then preceded to take turns taunting Plaintiff minor C.L.Jr.. calling him "Gay", "A Faggot", "He-She" and said "Look at that ponytail!" referring to the small braid he wore on the back of his neck. Plaintiff minor C.L.Jr.. subsequently did urinate and wet his boxer shorts while forced to sit on a chair in the living room. DEFENDANT JOHN DOE asked Plaintiff minor C.L.Jr.. "Where's the Ratchet" meaning gun.  Plaintiff minor C.L.Jr.. responded "My grandmother doesn't' have a gun." Plaintiff CAROLYN LOPEZ heard her grandson being questioned as she was being led out of the apartment and told DEFENDANT JOHN DOE "Why you questioning him he's just a child." Plaintiff CAROLYN LOPEZ observed this as she was being escorted out of the apartment and continually expressed concern to and had her questions unanswered by the Defendants and the other members of the New York City Police Department including all named Defendants. Plaintiff CAROLYN LOPEZ asked DEFENDANTS MARIN and

–8–

BARESE about her grandson's continued supervision while he was in Police Custody and details for getting him to school but received none or insufficient answers. The aforementioned actions of the Defendants and the other New York City Police Officers traumatized Minor Plaintiff C.L.Jr.., instilling in him the fear of police and officials as well as causing emotional and psychological suffering and embarrassment. Plaintiffs CAROLYN LOPEZ and DAMIAN RAMOS ESPINOSA were subsequently placed in a New York City Police Department van where they were put in seats, rear-cuffed, without seatbelts by DEFENDANTS MARIN, BARESE and the other New York City Police Officers. The Plaintiffs remained in the van outside the premises, for approximately 4 hours while New York City Police Officers continued to search the premises, and no drugs, guns or evidence of contraband were found. But also after the search numerous personal items, including but not limited to a folder containing paperwork relating to Plaintiff CAROLYN LOPEZ' deceased son's wrongful death case against the N.Y.P.D., were either damaged or removed by members of the New York City Police Department that were conducting the search. During these 4 hours, Plaintiff CAROLYN LOPEZ continued to ask the Police Officers about the welfare of grandson Plaintiff minor C.L.Jr.., eventually being informed he was left by the police in the care of a neighbor. Plaintiff DAMAIN RAMOS ESPINOSA's hands began to swell due to the awkward and prolonged sitting in the van with too tight cuffs. Plaintiff CAROLYN LOPEZ informed the New York City Police Officers that she was suffering physical distress, specifically having ever increasing trouble breathing while rear handcuffed, and asked for medical attention, or access to her medicine and inhaler. After a few hours of refusing to remove or reposition her handcuffs, or call for medical attention, JOHN DOE NUMBER THREE the New York City Police Officer in the driver's seat of the Police van communicated with DEFENDANT JOHN DOE NUMBER TWO and told him that Plaintiff

CAROLYN LOPEZ needed medical attention, DEFENDANT JOHN DOE NUMBER TWO denied the request to call for assistance and then JOHN DOE NUMBER THREE removed Plaintiff CAROLYN LOPEZ' inhaler from her sweater pocket and held the inhaler up to her mouth and twice "pumped" the medicine for her. Meanwhile, an increasing crowd of concerned neighbors, relatives and friends gathered in the street observing these events. One bystander was Plaintiff CAROLYN LOPEZ's son Ramon Lopez, who, concerned for his mother's health, approached DEFENDANT JOHN DOE NUMBER ONE and inquired. DEFENDANT JOHN DOE NUMBER ONE said to Ramon Lopez "I know you, we killed your brother." (referring to PLAINTIFF CAROLYN LOPEZ' deceased son pictured in the home). The crowd responded hostilely and DEFENDANT JOHN DOE NUMBER THREE and other New York City Police Officers were directed by their supervisor DEFENDANT THOMAS and DEFENDANT JOHN DOE NUMBER TWO to "go", and when the vehicle suddenly lurched forward the occupants being held in the van were thrown forward, including Plaintiff CAROLYN LOPEZ who was thrown to the floor and where Plaintiff DAMIAN RAMOS ESPINOSA landed on top of her, both suffering injury. As a result of the aforementioned acts of the Defendants and the other New York City Police Officers, Plaintiff CAROLYN LOPEZ suffered physical pain and injury and emotional pain and suffering, including physical injury to her back, neck, knees and exacerbation of her pre-existing asthma, blood pressure and heart conditions. As a result of the aforementioned acts of the Defendants and the other New York City Police Officers, Plaintiff DAMIAN RAMOS ESPINOSA suffered physical injury to his arms, wrists and back. After a short time, the van arrived at the 81st precinct, where they were met by an unseen officer, who stated "That's the mother whose son was killed by police", and redirected the van to the 75th precinct. Upon arrival Plaintiff CAROLYN LOPEZ informed precinct officers that she needed

medical attention for her breathing issues and from the injuries obtained in the van. She received no medical attention and Plaintiffs CAROLYN LOPEZ and DAMIAN RAMOS ESPINOSA were placed in separate holding cells, still handcuffed. Plaintiffs CAROLYN LOPEZ and DAMIAN RAMOS ESPINOSA were subjected to physical searches of their person at the 75th Precinct and again at Central Booking, where they remained in the custody of The New York City Police Department for approximately twenty four hours before being released from custody. Plaintiff CAROLYN LOPEZ never received any medical attention, even though an officer from Central Booking commented that she should have been taken directly to the hospital. Plaintiff DAMIAN RAMOS ESPINOSA had the criminal charges against him dismissed in January 2015. The Defendants and other New York City Police Officers caused physical damage to the Plaintiff's property in their apartment.

### Second Incident

13. On January 15, 2015 at approximately 6:00 a.m. Plaintiffs were inside 18 Hunterfly Avenue, Apartment 1B, when Plaintiffs CAROLYN LOPEZ and DAMIAN RAMON ESPINOSA were awakened by the noise as several members of the NEW YORK CITY POLICE DEPARTMENT, including DEFENDANTS MARIN and BARESE, forcefully broke down the front door to the apartment. Plaintiffs CAROLYN LOPEZ and DAMIAN RAMOS ESPINOSA were physically searched and handcuffed by members of the NEW YORK CITY POLICE DEPARTMENT, including DEFNDANTS MARIN and BARESE. Plaintiff CAROLYN LOPEZ asked "Why are you harassing us, I'm just home from the hospital". Plaintiff CAROLYN LOPEZ asked for a search warrant and was told by DEFENDANT MARIN and BARESE that there was no search warrant, as a "supervisor" told them to "just go to the apartment and search it." Plantiff

CAROLYN LOPEZ also inquired as to "Why A.C.S. was called and told there were drugs in my apartment when no drugs were recovered in the last search?" DEFENDANT MARIN replied that he did not call A.C.S. DEFENDANT JOHN DOE NUMBER TWO replied in sum and substance by asking Plaintiff CAROLYN LOPEZ "Did anyone get bail. No. So how could we have put that down. You think I wanted to be here on October 1? That was my birthday." The Plaintiffs were subsequently placed into and held in custody in a police van for approximately five hours while the apartment was searched again by the Defendants and the other New York City Police Officers, one of whom DEFENDANT JOHN DOE NUMBER TWO informed Plaintiff CAROLYN LOPEZ that the officers "got in trouble the last time they were there". After approximately five hours in custody in the van, Plaintiffs CAROLYN LOPEZ and DAMIAN RAMOS ESPINOSA were released from custody without any formal charges being levied against them, and without any contraband being found in the apartment. The Defendants and other New York City Police Officers caused physical damage to the Plaintiff's property in their apartment.

## FIRST FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-Excessive Force

14.  The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through thirteen (13) as if fully set forth herein.

15.  Upon information and belief, the conduct of DEFENDANT NEW YORK CITY POLICE OFFICER WALTER MARIN on October 1, 2014, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force against Plaintiff CAROLYN LOPEZ by pushing

Plaintiff CAROLYN LOPEZ and forcing her body and face against a wall and restraining her with physical force, without lawful reason or cause, resulting in injury to Plaintiff CAROLYN LOPEZ.

16.  That the actions of DEFENDANT NEW YORK CITY POLICE OFFICER WALTER MARIN occurred in and during the course of the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff CAROLYN LOPEZ.

## SECOND FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-Excessive Force

17.  The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Sixteen (16) as if fully set forth herein.

18.  Upon information and belief, the conduct of DEFENDANT NEW YORK CITY POLICE DETECTIVE WALTER MARIN and NEW YORK POLICE OFFICER JOHN DOE NUMBER THREE on October 1, 2014, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force against Plaintiff CAROLYN LOPEZ by placing Plaintiff CAROLYN LOPEZ into a police van without securing her and abruptly accelerating the police van causing Plaintiff CAROLYN LOPEZ to fall off her seat, strike the van's interior and collide with other prisoners in the van, without lawful reason or cause, resulting in injury to Plaintiff CAROLYN LOPEZ.

19.  That the actions of DEFENDANT NEW YORK CITY DETECIVE WALTER MARIN

and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER THREE occurred in and during the course of the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff CAROLYN LOPEZ.

## THIRD FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest**

20.  The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Nineteen (19) as if fully set forth herein.

21.  Upon information and belief, the conduct of DEFENDANT NEW YORK CITY POLICE DETECTIVE WALTER MARIN on January 15, 2015, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting Plaintiffs CAROLYN LOPEZ without lawful reason or cause.

22.  That the actions of DEFENDANT NEW YORK CITY POLICE DETECTIVE WALTER MARIN occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff CAROLYN LOPEZ.

## FOURTH FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment

### to the United States Constitution-False Arrest

23.  The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Twenty-two (22) as if fully set forth herein.

24.  Upon information and belief, the conduct of DEFENDANT NEW YORK CITY POLICE DETECTIVE WALTER MARIN on October 1, 2014, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting and handcuffing Plaintiff C.L.Jr.. without lawful reason or cause, causing the hereinafter and aforementioned harm to Plaintiff.

25.  As a result of the actions of DEFENDANT NEW YORK CITY POLICE DETECTIVE WALTER MARIN, Plaintiff C.L.Jr.. was forced to suffer fear, anger, humiliation, mental and emotional distress and fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and DEFENDANT CITY OF NEW YORK. That the actions of DEFENDANT NEW YORK CITY POLICE DETECTIVE WALTER MARIN occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## FIFTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth

### Amendments to the United States Constitution-Excessive Force

26.  The Plaintiffs incorporate by reference each of the allegations contained in paragraphs

One (1) through Twenty-five (25) as if fully set forth herein.

27. Upon information and belief, the conduct of DEFENDANT NEW YORK CITY POLICE DETECTIVE WALTER MARIN on October 1, 2014, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force against Plaintiff C.L.Jr.. by grabbing Plaintiff and threatening to shoot him if he moved, by handcuffing him and thereafter DEFENDANT MARIN took out his firearm and again told Plaintiff to not move, causing emotional and psychological trauma to Plaintiff as well as causing Plaintiff to urinate on himself, all of which was done without lawful reason or cause.

28. That the actions of DEFENDANT NEW YORK CITY POLICE DETECTIVE WALTER MARIN occurred in and during the course of the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff C.L.Jr..

## SIXTH FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest

29. The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Twenty-eight (28) as if fully set forth herein.

30. Upon information and belief, the conduct of DEFENDANT NEW YORK CITY POLICE OFFICER JOHN DOE on October 1, 2014, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting, handcuffing and searching Plaintiff DAMIAN RAMOS

ESPINOSA without lawful reason or cause, causing the hereinafter and aforementioned harm to Plaintiff.

31.  That the actions of DEFENDANT NEW YORK CITY POLICE OFFICER JOHN DOE occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff DAMIAN RAMOS ESPINOSA.

## SEVENTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-Excessive Force**

32.  The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Thirty-one (31) as if fully set forth herein.

33.  Upon information and belief, the conduct of DEFENDANTS NEW YORK CITY POLICE OFFICER JOHN DOE, DEFENDANT NEW YORK CITY POLICE DETECTIVE WALTER MARIN and NEW YORK POLICE OFFICER JOHN DOE NUMBER THREE on October 1, 2014, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force against Plaintiff DAMIAN RAMOS ESPINOSA by handcuffing Plaintiff DAMIAN RAMOS ESPINOSA so tightly as to cause injury to Plaintiff's arms and wrists and transporting Plaintiff without securing him in a seat in the Police van and abruptly accelerating causing Plaintiff to fall off his seat, strike the van's interior and collide with other unsecured prisoners causing injury to Plaintiff's back, all of which was done without lawful reason or cause.

−17−

34.   That the actions of DEFENDANTS NEW YORK CITY POLICE OFFICER JOHN DOE, DEFENDANT NEW YORK CITY POLICE DETECTIVE WALTER MARIN and NEW YORK POLICE OFFICER JOHN DOE NUMBER THREE occurred in and during the course of the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff DAMIAN RAMOS ESPINOSA.

## EIGHT FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C 1983-Malicious Prosecution

35.   The Plaintiffs incorporate by reference the allegations set forth in Paragraphs One (1) through Thirty-four (34) as if fully set forth herein.

36.   That upon information and belief, the conduct of DEFENDANT NEW YORK CITY POLICE OFFICER JOHN DOE, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging Plaintiff DAMIAN RAMOS ESPINOSA with the commission of a criminal offense without basis in law or fact.

37.   As a consequence of the actions of DEFENDANT OFFICER JOHN DOE, Plaintiff DAMIAN RAMOS ESPINOSA was required to make additional Court appearances and incur legal expense to defend against the false charges levied against him, and suffers fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and DEFENDANT CITY OF NEW YORK.

## NINTH FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment

### to the United States Constitution-False Arrest

38.  The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Thirty-seven (37) as if fully set forth herein.

39.  Upon information and belief, the conduct of DEFENDANT NEW YORK CITY POLICE DETECTIVES WALTER MARIN and VINCENT BARESE on January 15, 2015, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting Plaintiff DAMIAN RAMOS ESPINOSA without lawful reason or cause.

40.  That the actions of DEFENDANT NEW YORK CITY POLICE DETECTIVE WALTER MARIN occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff DAMIAN RAMOS ESPINOSA.

## TENTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C 1983 and the Fifth and Fourteenth

### Amendments to the United States Constitution, Due Process Violations

41. The Plaintiffs incorporate by reference the allegations contained in Paragraphs One (1) through Forty (40) as if fully set forth herein.

42.  That upon information and belief, the conduct of Defendants NEW YORK CITY POLICE DETECTIVES WALTER MARIN, VINCENT BARESE and SERGEANT

CHRISTOPHER THOMAS, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully refusing to show Plaintiff CAROLYN LOPEZ a search warrant on either October 1, 2014 or January 15, 2015 without lawful reason or cause.

43.  That the actions of Defendants, NEW YORK CITY POLICE DETECTIVES WALTER MARIN and VINCENT BARESE occurred in and during the scope of their duties, functions and employment as new York City Police Officers, and while acting as agents and employees if the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiffs.

## ELEVENTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C 1983 and the Fifth and Fourteenth Amendments to the United States Constitution, Due Process and Equal Protection Violations

44. The Plaintiffs incorporate by reference the allegations contained in Paragraphs One (1) through Forty (43) as if fully set forth herein.

45.  That upon information and belief, the conduct of Defendants NEW YORK CITY POLICE DETECTIVES WALTER MARIN, VINCENT BARESE, SERGEANT CHRISTOPHER THOMAS, NEW YORK CITY POLICE OFFICERS JOHN DOE, JOHN DOE NUMBER ONE, JOHN DOE NUMBER TWO and JOHN DOE NUMBER THREE acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully targeting and harassing the residence of the Plaintiffs and the Plaintiffs themselves in retaliation for Plaintiff CAROLYN LOPEZ' bringing and continuing a lawsuit in Federal Court against NEW YORK CITY POLICE OFFICERS for the murder of her son

Carlos Lopez.

46. That the actions of Defendants NEW YORK CITY POLICE DETECTIVES WALTER MARIN, VINCENT BARESE, SERGEANT CHRISTOPHER THOMAS, NEW YORK CITY POLICE OFFICERS JOHN DOE, JOHN DOE NUMBER ONE, JOHN DOE NUMBER TWO and JOHN DOE NUMBER THREE occurred in and during the scope of their duties, functions and employment as new York City Police Officers, and while acting as agents and employees if the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiffs.

## FIRST STATE LAW CAUSE OF ACTION

47. The Plaintiffs incorporate by reference each of the allegations contained in Paragraphs One (1) through Forty-six (46) as if fully set forth herein.

48. That the actions of Defendant CITYOF NEW YORK, by negligently hiring, training, screening supervising and/or instructing Defendant NEW YORK CITY POLICE DETECTIVE WALTER MARIN resulted in the false arrest of Plaintiff CAROLYN LOPEZ on January 15, 2015, causing the aforementioned and hereinafter mentioned harm to Plaintiff CAROLYN LOPEZ.

## SECOND STATE LAW CAUSE OF ACTION

49. The Plaintiffs incorporate by reference each of the allegations contained in Paragraphs One (1) through Forty-eight (48) as if fully set forth herein.

50. That the actions of Defendant CITYOF NEW YORK, by negligently hiring, training,

screening supervising and/or instructing Defendant NEW YORK CITY POLICE DETECTIVE

WALTER MARIN resulted in the false arrest of Plaintiff C.L.Jr.. on October 1, 2014, causing the

aforementioned and hereinafter mentioned harm to Plaintiff C.L.Jr..

### THIRD STATE LAW CAUSE OF ACTION

51.  The Plaintiffs incorporate by reference each of the allegations contained in Paragraphs

One (1) through Fifty (50) as if fully set forth herein.

52.  That the actions of Defendant CITYOF NEW YORK, by negligently hiring, training,

screening supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JOHN

DOE resulted in the false arrest of Plaintiff DAMIAN RAMOS ESPINOSA on October 1, 2014,

causing the aforementioned and hereinafter mentioned harm to Plaintiff DAMIAN RAMOS

ESPINOSA.

### FOURTH STATE LAW CAUSE OF ACTION

53.  The Plaintiffs incorporate by reference each of the allegations contained in Paragraphs

One (1) through Fifty-two (52) as if fully set forth herein.

54.  That the actions of Defendant CITYOF NEW YORK, by negligently hiring, training,

screening supervising and/or instructing DEFENDANTS NEW YORK CITY POLICE

DETECTIVES WALTER MARIN and VINCENT BARESE resulted in the false arrest of Plaintiff

DAMIAN RAMOS ESPINOSA on January 15, 2015, causing the aforementioned and hereinafter

mentioned harm to Plaintiff DAMIAN RAMOS ESPINOSA.

## FIFTH STATE LAW CLAIM

55. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Fifty-four (54) as if fully set forth herein.

56. That the actions of Defendant CITY OF NEW YORK by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE DETECTIVE WALTER MARIN and NEW YORK POLICE OFFICER JOHN DOE NUMBER THREE who failed to secure Plaintiff CAROLYN LOPEZ in the police van including with a seatbelt, resulted in physical injury to Plaintiff CAROLYN LOPEZ, and causing the aforementioned and hereinafter mentioned harm to Plaintiff CAROLYN LOPEZ

## SIXTH STATE LAW CLAIM

57. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Fifty-six (56) as if fully set forth herein.

58. That the actions of Defendant CITY OF NEW YORK by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE DETECTIVE WALTER MARIN and NEW YORK POLICE OFFICER JOHN DOE NUMBER THREE who failed to secure Plaintiff DAMIAN RAMOS ESPINOSA in the police van including with a seatbelt, resulted in physical injury to Plaintiff DAMIAN RAMOS ESPINOSA, and causing the aforementioned and hereinafter mentioned harm to Plaintiff DAMIAN RAMOS ESPINOSA.

## SEVENTH STATE LAW CLAIM

59. The Plaintiffs incorporate by reference each of the allegations contained in Paragraphs

One (1) through Fifty-eight (58) as if fully set forth herein.

60.   That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of named Defendant NEW YORK CITY POLICE OFFICERS WALTER MARIN, VINCENT BARESE, CHRISTOPHER THOMAS, JOHN DOE, JOHN DOE NUMBER ONE and JOHN DOE NUMBER TWO, which resulted in the false arrests, detentions, photographs and searches of the Plaintiffs, public humiliation and embarrassment, emotional distress and incurrence of monetary damages, and resulting in the aforementioned and hereinafter mentioned harm to the Plaintiffs.

**WHEREFORE,** the Plaintiffs demand the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiffs.

2. Punitive Damages against Defendant(s) New York City Police Detectives WALTER MARIN and VNCENT BARESE, NEW YORK CITY POLICE SERGEANT CHRISTOPHER THOMAS, NEW YORK CITY POLICE OFFICERS JOHN DOE, JOHN DOE NUMBER ONE, JOHN DOE NUMBER TWO and JOHN DOE NUMBER THREE, of Narcotics Borough Brooklyn North and the 75th Precinct.

3. Punitive Damages against Defendant New York City Police Detectives WALTER MARIN, VINCENT BARESE and SERGEANT CHRISTOPHER THOMAS, NEW YORK CITY POLICE OFFICER JOHN DOE, JOHN DOE NUMBER ONE, JOHN DOE NUMBER TWO and JOHN DOE NUMBER THREE of Narcotics Borough Brooklyn North and the 75th precinct.

4. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiffs are entitled to costs of the instant action, and Attorney's fees.

5. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: December 22, 2015

CHRISTOPHER BOOTH, ESQ.
LIPMAN & BOOTH LLC
Attorney for Plaintiffs
11 Broadway, Suite 1054
New York, New York 10004
Office: (212) 363-6969
Fax:    (212) 363-6041
Email:  cbooth@lipmanandbooth.com